UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JESSICA RADEMAKERS, formerly known as
Jessica Schipansky,

                Plaintiff,

-vs-                                  Case No. 2:07-cv-718-FtM-29SPC

MICHAEL SCOTT in his official capacity as
Sheriff of Lee County,

                Defendant.
_____

## REPORT AND RECOMMENDATION

This matter comes before the Court on the Defendant, Michael Scott, in his official capacity as Sheriff of Lee County, Florida, Verified Motion to Tax Costs (Doc. #53) filed on January 26, 2009. The Motion was referred to this Court on March 23, 2009, and is now ripe for review.

The Defendant moves the Court to award him reasonable costs pursuant to Fed . R.C.iv. P. 54(d). Determining whether a party is entitled to an award of costs under Rule 54(d) are the same for determining whether a prevailing party is receiving fees under 42 U.S.C. § 2000e-5(k). Stewart v. Town of Zolfo Springs, 1998 WL 776848 *2 (M.D. Fla. September 16, 1998) (citing Henley v. Eckert, 461 U.S. 424, 433 n. 7, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983)). The recovery under Rule 54(d) is however, limited to the specific costs allowed under 28 U.S.C. § 1920. Id. These are known as recoverable statutory costs. Id. Any expenses beyond recoverable statutory costs or the fees awarded to compensate for an attorney's time should be pursued under 42 U.S.C. § 2000e-5(k). Id.

Such expenses are known as non-statutory and are subsumed within the concept of a reasonable attorney's fees. Id. (citing Allen v. Freeman, 122 F.R.D. 589, 591 (S.D. Fla. 1988)).

Twenty eight U.S.C. § 1920 reads in pertinent part:

> [a] judge or clerk of any court of the Untied States may tax as costs the following:
> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.
>
> A bill of costs shall be filed in the case and, upon allowance, included in the judgment decree.

On January 22, 2009, the District Court granted the Defendant's Motion for Summary Judgment (Doc. # 51), and dismissed the case. Therefore, the Defendant is the prevailing party in the instant action. As such, the Defendant is entitled to costs under Fed. R. Civ. P. 54(d) and 28 U.S.C. § 1920.

The Defendant moves the Court for recovery of costs related to the fees charged by the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case. The Defendant seeks $922.45 for the appearance fee and transcription costs for the deposition of Jessica Rademakers and $245.25 for the depositions of Stuart Cootware and Tim Sayre for a total of $1,167.70. (Doc. # 53, Defendants Bill of Costs).

Although the court reporter fees are not expressly listed in § 1920, reimbursement of court reporter and stenographic transcript costs are available under § 1920(2)and (4). Torres v. City of

Orlando, 264 F. Supp. 2d 1046, 1049 (M.D. Fla. 2003); *See also* E.E.O.C. v. W & O Inc., 213 F.3d 600, 621 (11th Cir. 2000) (holding a prevailing party generally should recover costs of depositions submitted by the parties in support of their summary judgment motions unless it is shown that no part of the deposition was related to an issue which was present in the case); Allen v. U.S. Steel Corp., 665 F.2d 689, 697 (11th Cir. 1982) (holding that a defendant in a civil rights action may recover deposition expenses if those depositions were reasonably necessary when taken, even if the depositions were not used). The Defendant states the depositions were necessarily obtained for use in this case. The Plaintiff filed no objection to the claim and thus, the Court will recommend the reimbursement of the costs for the court reporter.

Accordingly, it is now

**RESPECTFULLY RECOMMENDED:**

The Defendant, Michael Scott, in his official capacity as Sheriff of Lee County, Florida, Verified Motion to Tax Costs (Doc. #53) should be **GRANTED**. The Clerk should enter an award of costs in favor if the Defendant Michael Scott, in his official capacity as Sheriff of Lee County, Florida, in the amount of **$1,167.70**.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**Respectfully Recommended** at Fort Myers, Florida, this ___24th___ day of March, 2009.

*[signature]*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record